UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| J. LaMar Kolle, | ) C/A No.  3:07-2982-PMD-JRM |
| Plaintiff, | ) |
| v. | ) REPORT |
| | ) AND |
| | ) RECOMMENDATION |
| Daniel E. Grigg; R. Scott Joye; Melanie Huggins; and Daniel E. Shearhouse, | ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] According to Plaintiff, he filed an application for post conviction relief (PCR) on July 7, 2004, and relief was granted in January 2007. (Compl. ¶¶ 1, 18.) A motion to alter or amend judgment pursuant to Rule 59(e) was filed in response to the PCR order. (Compl. ¶ 21.) An order denying the Rule 59(e) motion to alter or amend judgment was filed June 28, 2007. (Comp. ¶ 63.) On July 17th, 2007, an intent to file a notice of appeal was filed. (Compl. ¶ 66.) Plaintiff alleges that the defendants conspired together to deny him due process, equal protection and access to courts. Plaintiff seeks injunctive relief as well as damages.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978).  This Court is required to liberally construe *pro se*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

**<u>Discussion</u>**

Plaintiff names R. Scott Joye, the attorney representing Plaintiff in his PCR proceeding, as a Defendant in this § 1983 action. In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980), (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender). However, conduct under color of state law may be extended to private individuals who conspire with state officials to violate an individual's constitutional rights *See Tower v. Glover*, 467 US 914 (1984).

Plaintiff's claim of conspiracy is insufficient to establish conduct under color of state law by Defendant Joye. Plaintiff states no allegations of conspiracy just the bare assertion that the Defendants conspired together. He alleges no facts in support of a conspiracy. Although required to liberally construe a *pro se* complaint, this Court is not required to develop tangential claims from scant assertions in the complaint, and Plaintiff must do more than make mere conclusory statements to support a claim. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see also Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Defendant Joye is entitled to summary dismissal because there is no state action on the part of this

3

Defendant.

Plaintiff names Daniel E. Grigg, a Deputy Attorney General with the South Carolina Attorney General's Office, as a Defendant in this § 1983 action. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. The prosecutorial immunity established in *Imbler* extends to post conviction proceedings, such as appeals and habeas corpus proceedings. *See Houston v. Partee*, 978 F.2d 362, 365 (7th Cir. 1992) (recognizing "substantial case law granting absolute immunity for acts done in various post-conviction proceedings"); *Bruce v. Wade*, 537 F.2d 850 (5th Cir. 1976) (challenges to conviction protected by the immunity doctrine). Defendant Daniel E. Grigg, within the scope of his duties as a Deputy Attorney General, filed a Rule 59(e) motion to alter or amend judgment and then a notice of intent to appeal an order granting Plaintiff post conviction relief. Defendant Grigg has absolute immunity from suit in this § 1983 action.

Plaintiff names Melanie Huggins and Daniel E. Shearhouse as Defendants in this case. Defendant Huggins is the Clerk of Court for Horry County. Defendant Shearhouse is the Clerk of Court for the South Carolina Supreme Court. Plaintiff claims that these defendants violated his constitutional right to access the courts by failing to file documents he submitted or to respond to his inquiries. While clerks of court "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction," *see, e.g., McCaw v. Winter*, 745 F.2d 533, 534 (8th Cir.1984); *Tarter v. Hury*, 646 F.2d 1010, 1012-13 (5th Cir.1981), absolute immunity may not apply to performance of ministerial duties, *see McCray v. Maryland*, 456

4

F. 2d 1, 4 (4th Cir. 1972) (finding "no basis for sheltering the clerk from liability under section 1983 for failure to perform a required ministerial act such as properly filing papers."). *But see Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (finding "[t]o the extent *McCray* authorizes a cause of action for merely negligent conduct that impacts access to the courts, it is inconsistent" with the Supreme Court opinion in *Daniels v. Williams*, 474 U.S. 327 (1986)). It is unnecessary to resolve whether the acts or omissions of Defendants Huggins and Shearhouse, as alleged by the Plaintiff, are considered ministerial duties, and therefore, whether these Defendants are immune from suit because this action should be dismissed for failure to state a claim.

Even though Plaintiff alleges that Defendants Huggins and Shearhouse violated his right to equal protection, he fails to state a claim.

> [A] party who wishes to make out an Equal Protection claim must prove "the existence of purposeful discrimination" motivating the state action which caused the complained-of injury. "Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group."

*Johnson v. Rodriquez*, 110 F. 3d 299, 306-07 (5th Cir. 1997) (citations omitted). Plaintiff does not allege discriminatory purpose or that he is a member of a identifiable group. Plaintiff makes the bare assertion of an equal protection claim but he alleges no facts in support. Although required to liberally construe a *pro se* complaint, this Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).

Additionally, Plaintiff alleges that Defendants Huggins and Shearhouse violated his constitutional right to due process in regard to his PCR proceeding. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const.

5

amend. XIV, § 1.

> The due process clause has both a substantive and a procedural component. As a matter of procedural due process, the Court is concerned with reviewing the decision-making process to determine whether an individual's 'life, liberty, or property' has been taken without 'due process.' The Court may evaluate the fairness of the procedure or the decision in an individual case. As a matter of substantive due process, the Court is concerned with the power of the government to restrict an individual's freedom of action.

*Harksen v. Garratt*, 29 F. Supp. 2d 272, 279-80 (E.D. Va. 1998) (citations omitted). An essential principle of due process is that a deprivation of liberty "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Plaintiff has participated in his PCR proceeding. Plaintiff states that he has attended hearings, he has received filed documents including orders, and he has received notice of intent to file an appeal of the order granting PCR. Plaintiff has failed to state a claim for a due process violation.

Finally, Plaintiff alleges that Defendants Huggins and Shearhouse have denied him access to the courts by not filing his documents or responding to his inquires involving his PCR proceeding. In order to state a claim for denial of access to the courts, Plaintiff must have an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 356 (1996) (describing actual injury as having a case dismissed with prejudice or being unable to file legal actions). Plaintiff alleges a denial of access to the courts, yet Plaintiff has been able to successfully pursue post conviction relief that is now on appeal. Plaintiff has not alleged an actual injury and has failed to state a claim of denial of access to the courts.

As injunctive relief, Plaintiff asks this Court "to stop the Respondents' [sic] from pursuing their appeal, . . . to issue an Order stating that the Respondents forfeited their right to appeal by not promptly and/or properly filing a notice of intent to appeal and/or any other Post-Trial motions," and

"to Order the Respondents to enforce the Order granting relief that was issued on January 5, 2007 and/or in the alternative, grant the Plaintiff a reasonable bond."[2] (Compl. at 19, ¶ 1.) Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F. 2d at 52, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. In *Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975), the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts:

> Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review. . . . Thus, a federal court should not intervene where such interference unduly inhibits the legitimate functioning of the individual state's judicial system. The cases are replete with admonitions against such interference and affirmances of this principle."

---

[2] If Plaintiff is seeking mandamus relief, it is a drastic remedy to be used only in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, *see In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal, *see In re Catawba Indian Tribe*, 973 F.2d 1133, 1135 (4th Cir. 1992). This Court's authority to issue writs of mandamus excludes the authority to issue writs to State Courts. *See Graham v. Norton*, 82 U.S. 427, 428 (1872); *see also Gurley v. Superior Court of Mecklenberg County*, 411 F.2d 586 (4th Cir. 1969).

*Id.* at 1335-36. (citations omitted).

Plaintiff's request for injunctive relief should be denied. Plaintiff is involved in an ongoing state court PCR proceeding. Issues raised by Plaintiff in this complaint may be raised in state court.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                  s/Joseph R. McCrorey  
                                  United States Magistrate Judge

September 18, 2007  
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).