**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| J. LaMar Kolle, #300336,           )<br>                                                    )<br>                           Plaintiff,    )<br>                                                    )      C.A. No.: 3:07-2982-PMD-JRM<br>v.                                              )<br>                                                    )<br>Daniel E. Grigg; R. Scott Joye;       )           **ORDER**<br>Melanie Huggins; and Daniel E. Shearhouse,)<br>                                                    )<br>                           Defendants. )<br>_____) | |

This matter is before the court on *pro se* litigant J. LaMar Kolle's ("Plaintiff" or "Kolle") Objections to the Magistrate Judge's recommendation that Plaintiff's claim be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) for failing to set forth a claim upon which relief may be granted or a finding of frivolity.[1] The record contains a report and recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). A party may object, in writing, to a R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff has filed timely objections to the R&R.

## BACKGROUND

Plaintiff is a prisoner at Kershaw correctional facility and is serving a seven year sentence based on a guilty plea to the charge of Trafficking in Cocaine between ten and twenty-eight grams

---

[1] 28 U.S.C. § 1915(e)(2) states,

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

**(B)** the action or appeal–

**(i)** is frivolous or malicious; [or]

**(ii)** fails to state a claim on which relief may be granted;

1

on March 2, 2004. Plaintiff filed an application for post conviction relief (PCR) in state court, alleging ineffective assistance of counsel, and was granted relief by Judge John L. Breeden, the PCR judge, on January 16, 2007. His case was remanded for a new trial.

In response to this decision, the Attorney General filed a motion to alter or amend judgment pursuant to Rule 59(e) on January 29, 2007. The Rule 59(e) motion to alter or amend was denied on June 28, 2007. An intent to file a notice of appeal was filed by the Attorney General's office on July 17, 2007. On August 30, 2007, Plaintiff brought an action in this court for damages and injunctive relief pursuant to 42 U.S.C. § 1983 against Defendants, alleging violations of his constitutional rights. This complaint was filed pursuant to 28 U.S.C. § 1915, which allows an indigent litigant to commence an action in federal court without prepaying the administrative cost of proceeding with the lawsuit.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the R&R, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir.1983). Plaintiff filed Objections to the R&R on October 10, 2007. After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is

adopted in full and specifically incorporated into this Order.

## DISCUSSION

Plaintiff has filed a voluminous thirty-page Objection to the R&R. The vast majority of Plaintiff's allegations are reiterations of allegations or facts presented in the initial Complaint. In his Objections, Plaintiff reasserts a conspiracy between Defendants to deny him of due process, equal protection, and access to the court. This order has consolidated Plaintiff's seventeen numbered objections where such objections were redundant.

Plaintiff first objects to the R&R's conclusion that his Complaint is subject to dismissal on the grounds of frivolity. Plaintiff specifically objects to the R&R's application of *Denton v. Hernandez*, 504 U.S. 25 (1992) in discussing the appropriateness of dismissal under § 1915(e)(2)(B)(i)-(ii). *Denton* provides that a finding of frivolity can be made where a complaint "lacks an arguable basis either in law or fact." 504 U.S. at 31. Plaintiff argues *Denton* is only relevant to claims made under § 1915(d). However, pursuant to an amendment four years after *Denton*, § 1915(d) was changed to § 1915(e). Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996). Accordingly, *Denton* is still relevant in determining a finding of frivolity and Plaintiff's objection on these grounds is completely without merit.

Plaintiff further objects to the Magistrate's Judge's conclusion that the complaint is subject to dismissal because he claims that the Magistrate Judge relied upon technicalities to dismiss his case, without addressing the substantive merits of the claim. Plaintiff relies on *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987) in suggesting that his complaint is not subject to dismissal. But that case is completely inapposite to the present one. In that case, a *pro se* prisoner's *Bivens* action against

federal prison officials was dismissed by a court for failure to state a claim, and the dismissing court provided no explanation or written record to justify this decision. The Ninth Circuit reversed this decision and held that the court was required to give some sort of justification for its decision. 809 F.2d at 1448-49. However, that court explicitly held that "when dismissing a pro se complaint for failure to state a claim, district courts need draft only a few sentences explaining the deficiencies." *Id*. at 1449. Here, the Magistrate Judge carefully considered Plaintiff's complaint and addressed all deficiencies in an eight-page R&R. This more than meets the *Noll* requirement, and Plaintiff's Objections on this ground is without merit.[2]

Plaintiff next objects to the dismissal of his claims against his attorney, Joye. In order to state a cause of action under a § 1983 action, Plaintiff must allege that the defendant (1) deprived him or her of a federal right and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Attorneys for criminal defendants generally do not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (holding that private criminal defense attorney performing his duties did not act under color of state law); *Hall v. Quillen*, 631 F.2d 1154 (holding that court-appointed defense attorney did not act under color of state law).

However, if such an attorney conspires with state officials, this can constitute actions "under the color of state law" sufficient to subject the attorney to § 1983 liability. In Plaintiff's Objections to the R&R, he asserts Defendant Joye conspired with the other Defendants in denying Plaintiff's right to due process, equal protection, and access to the court. Plaintiff alleges this claim of

---

[2] The court further notes that it is not even clear that the *Noll* case is applicable law to this matter. The court is aware of no such analogous authority in the Fourth Circuit that impose such a requirement. Further, *Noll* specifically applied to district courts, not Magistrate Judges, and probably does not apply to R&Rs. However, since Plaintiff plainly fails to state even a substantive violation under *Noll*, the court need not and does not reach the issue of that case's applicability.

conspiracy is supported by documents in which he communicated with Defendant Joye. The documents provided, however, only confirm that Defendant Joye secured Plaintiff's post conviction relief only to be relieved as counsel at Plaintiff's request. Most of the documents are simply letters from Plaintiff accusing Joye of conspiring with other Defendants. These offer no factual support, and instead are simply conclusory allegations on the part of Plaintiff. The court is not required to accept Plaintiff's mere conclusory statements where they are completely unsupported by any other evidence. *See Beaudett v City of Hampton*, 775 F.2d 1274 (4th Cir.1985). Accordingly, Plaintiff has not stated a valid § 1983 claim against Defendant Joye.

Plaintiff next objects to the R&R's conclusions regarding the immunity of Defendant Grigg. Defendant Grigg, as a Deputy Attorney General, has absolute immunity from § 1983 liability. *See Imbler v Pachtman*, 424 U.S. 409, 430 (1976) (stating that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 motions); *Houston v Partee*, 978 F.2d 362, 365 (7th Cir. 1992) (granting immunity to prosecutors for their actions in post-conviction proceedings as well). Plaintiff suggests Defendant Grigg lied and conspired with others to deprive Plaintiff of his constitutional rights. However, once again, Plaintiff has produced no evidence or factual allegations of exactly how Grigg conspired to deprive him of any rights, and simply relies upon conclusory allegations of such a conspiracy. The facts only indicate that Grigg acted within the scope of his employment by filing a Rule 59(e) motion to alter or amend judgment and then a notice of intent to appeal an order granting Plaintiff post conviction relief. In his Objection to the R&R, Plaintiff offers definitions of fraud, perjury, and prosecutorial misconduct, but fails to demonstrate how Defendant Grigg acted outside of the scope of his duty. Plaintiff's lone specific allegation that the Rule 59(e) motion was untimely filed certainly does not place Defendant

Grigg outside the scope of his duties. Thus, Defendant Grigg has absolute immunity from Plaintiff's § 1983 action, and Plaintiff's claim against Grigg fails as a matter of law.

Plaintiff next objects to the R&R's conclusions that his Complaint failed to state violations of due process, equal protection, and denial of access to the courts against Clerk of Court Defendants Melanie Huggins ("Huggins") and Daniel Shearhouse ("Shearhouse").[3] Violations of procedural due process are relevant where a deprivation of liberty occurs without notice and opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Violations of equal protection require Plaintiff to prove "the existence of purposeful discrimination." *McCleskey v. Kemp*, 481 U.S. 279, 292-293 (1987). Finally, in order to state a claim for denial of access to the courts, Plaintiff must have some type of injury, such as dismissal. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996).

The R&R correctly concludes that Plaintiff's Complaint fails to state a claim against Defendants Huggins or Shearhouse. As the R&R noted, Plaintiff has participated in his PCR proceeding, attended hearings, received documents, and received notice of intent to file an appeal of the order granting PCR. Plaintiff's difficulty and delay in receiving a time-stamped document simply does not rise to the level of depriving Plaintiff of his liberty nor does it demonstrate "purposeful discrimination" by either defendant. Accordingly, Plaintiff has not stated a claim for a violation of due process or equal protection against Defendants Huggins and Shearhouse. Furthermore, Plaintiff has not yet suffered any sort of actual injury. Plaintiff's post conviction relief

---

[3] Plaintiff's Complaint also suggests Defendants Huggins and Shearhouse do not have immunity under their "ministerial duties", although the R&R correctly concluded this determination need not be reached since Plaintiff's Complaint should be dismissed for failing to state a claim against either defendant.

was granted and is now on appeal. Since Plaintiff cannot demonstrate actual injury, his claim of denial of access to the courts against Defendants Huggins and Shearhouse must also fail as a matter of law.

Plaintiff asks this court for injunctive relief and damages while his post conviction relief is on appeal in state court. However, as the R&R aptly explained, case law dictates that federal courts shall not interfere with a state's pending criminal proceedings without extraordinary circumstances, regardless of the constitutional challenges to the state judicial proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989). In his objection to the R&R, Plaintiff states that his allegations demonstrate extraordinary circumstances to allow intervention by the this court. The approval of Plaintiff's post conviction relief is currently on appeal. Plaintiff's bare assertion of "irreversible injury" without any proof of actual injury does not demonstrate extraordinary circumstances which would permit this court to interfere with Plaintiff's appeal.

Lastly, Plaintiff objects to the R&R's determination that the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining his proceeding. Plaintiff cites to *Wilson v. Semon*, 299 F.Supp. 305 (N.D. Ill. 1969), which held that "[b]efore a federal court will enjoin a pending state court proceeding there must be some reasons to believe that there will be an abuse of power, not just a mere allegation." *Wilson*, 299 F.Supp. at 313. However, Plaintiff's Complaint and Objections to the R&R fail to state anything other than mere allegations of abuses of power. Nowhere does Plaintiff give this court reason to believe that Plaintiff's state court proceedings will be corrupted by any sort of abuse of power.

## **CONCLUSION**

For the aforementioned reasons, the court adopts in full the R&R's recommended disposition and Defendant's Objections to the R&R are **DENIED**. It is therefore **ORDERED** that Plaintiff's § 1983 action against Defendants is hereby **DISMISSED** without prejudice.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**December 5, 2007.**